

**VIA ECF**

September 11, 2025

Nwamaka Anowi
Clerk of Court
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219

Re:   *Solutions in Hometown Connections v. Noem*, No. 25-1640; Rule 28(j) Notice of Supplemental Authority

Dear Ms. Anowi:

   Plaintiff-Appellant Nonprofits notify the Court of the Supreme Court's stay order in *National Institutes of Health v. American Public Health Society*, No. 25A103 (Aug. 21, 2025).

   The per curiam order found the district court likely lacked jurisdiction to "adjudicate claims 'based on'" specific grants or "order relief designed to enforce any 'obligation to pay money'" under those grants. Slip Op. 1 (quoting *Dep't of Ed. v. California*, 145 S.Ct. 966 (2025)). *NIH* confirms that district courts retain jurisdiction of APA challenges to high-level agency actions. *Id.* at 2-3 (Barrett, J., concurring).

   Like the NIH guidance, DHS's decision to end CIGP is a high-level agency action that the Nonprofits allege violates the APA. That DHS's high-level action is related to grants "does not transform" those claims into contract claims. *See id.* Unlike the award-specific relief stayed in *NIH*, the Nonprofits' claims are not "based on" terms of their specific grants and do not allege that "the Government breached a grant agreement," *id.* at 4 n.1. There is no need to construe the Nonprofits' grants to decide that DHS lacks authority to shutter a congressionally funded program. Opening Br. 26-27. Nor would relief here be "in every meaningful sense an order requiring the government to pay those grants," Slip Op. 3 (Gorsuch, J., concurring). The district court would not have to order the payment of money at all. Opening Br. 19-20.

   Moreover, *NIH* and *California* involved only arbitrary-and-capricious APA claims. Neither order applies to the Nonprofits' contrary-to-law APA claims. After all, "[i]f a plaintiff's claim depends on interpretations of statutes and regulations rather than the terms of an agreement negotiated by the parties, the claim is not in essence contractual." *Widakuswara v. Lake*, No. 25-5144, 2025 WL 1288817, at *12 (D.C. Cir. May 3, 2025) (Pillard, J., dissenting); *see also Widakuswara v. Lake*, No.

25-5144, 2025 WL 1521355, at *1 (D.C. Cir. May 28, 2025) (en banc) (endorsing Judge Pillard's panel-stage dissent).

     What's more, because *NIH* and *California* turned on the APA's limited waiver of sovereign immunity, they are irrelevant to the Nonprofits' constitutional and ultra vires claims. *See* Reply Br. 16-20.

Sincerely,

Bradley Girard
Counsel for Plaintiffs-Appellants