**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*36 S. Charles Street*  *DIRECT: 410-209-4892*
*Suite 400*  *MAIN: 410-209-4800*
*Baltimore, MD 21201-3119*  *FAX: 410-962-3091*

October 17, 2025

<u>**VIA CM/ECF**</u>

Nwamaka Anowi, Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
Office of the Clerk
1100 East Main Street, Suite 501
Richmond, Virginia 23219

      RE:    *Solutions in Hometown Connections v. Noem*, No. 25-1640
                (scheduled for oral argument October 23, 2025)

Dear Ms. Anowi:

      I write regarding *National Institutes of Health v. American Public Health Ass'n*, 2025 WL 2415669 (Aug. 21, 2025), and Appellants' related letter, Dkt. No. 50.

      In *NIH*, the Supreme Court stayed "the District Court's judgments vacating the Government's termination of various research-related grants." *Id.* at *1. Reiterating its reasoning in *Dep't of Education v. California*, 145 S. Ct. 966 (2025), the Court explained that the Administrative Procedure Act "does not provide [district courts] with jurisdiction to adjudicate claims based on [federal] grants or to order relief designed to enforce any obligation to pay money pursuant to those grants." *Id.* at *1. This ruling reinforces the District Court's holding that it likely lacked jurisdiction over Appellants' claims in this case. JA743-747.

      Appellants' claims are not like the challenge to the NIH guidance that Justice Barrett, in her concurrence, allowed to remain in district court. *Id.* at *1-2. The guidance were policy memoranda providing that "[g]oing forward, the agency will not fund research related to DEI objectives, gender identity, or COVID-19." *Id.* at *1. Justice Barrett found that the challenges to the grant terminations were "legally distinct" from the challenges to the policy memoranda. *Id.* at *2. *See also id.* at *3 (Roberts, C.J., concurring in part) (finding "the District Court's vacatur of the challenged directives... has prospective and generally applicable implications beyond the reinstatement of specific grants.").

      There are no policy memoranda here. There is also no distinction between the termination of the grant program and the grants themselves—Appellants' claims revolve solely around agency actions that froze and terminated their grants. *See* Appellants' Brief, Dkt. No. 23, at 39 ("DHS eliminated CIGP in three steps: first, the Noem Memo; second, an email announcing the across-the-board freeze of all CIGP funds; and third, a mass termination email and identical form letters");

*id.* at 6-8. Significantly, the relief sought is vacatur of the terminations[1]—precisely what the Supreme Court held the district court lacked jurisdiction to enter. *NIH*, 2025 WL 2415669, at *1 ("The [stay] application is granted as to the District Court's judgments vacating the Government's termination of various research-related grants.").

Sincerely,

/s/ Jessica Dillon
Jessica Dillon
Assistant United States Attorney

cc:  All counsel (via CM/ECF)

---

[1] *See* JA56 (Prayer for Relief); JA581 (Appellants' proposed order granting preliminary injunction, ordering that "Defendants shall not dismantle the Citizenship and Integration Grant Program (CIGP), including by terminating grant awards pursuant to the March 27, 2025 mass termination email or letters").